FILE '05 OCT 17 15:00USDC-OR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM S. RIEG II,                                                     CV. 04-1502-CO

                Plaintiff,                FINDINGS AND RECOMMENDATION

       v.

JOANNE B. BARNHART
Commissioner of Social Security,

                Defendant.

COONEY, Magistrate Judge:

## INTRODUCTION

Plaintiff William S. Rieg II brings this action pursuant to the Social Security Act, 42 USC § 405(g) ("the Act"), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI") benefits and disability insurance benefits under Title II of the Act. For the reasons set forth below, the decision of the Commissioner should be reversed and this matter should be remanded for the payment of benefits.

## PROCEDURAL BACKGROUND

1 - FINDINGS AND RECOMMENDATION

Rieg filed an application for benefits on April 25, 2001, alleging disability from December 23, 1999, until June 1, 2002, due to injuries arising from a motor vehicle accident. His application was denied initially and upon reconsideration. On May 12, 2003, a hearing was held before an Administrative Law Judge (ALJ). In a decision dated May 27, 2003, the ALJ found Rieg was not entitled to benefits. On August 20, 2004, the Appeals Council denied Rieg's request for review, making the ALJ's decision the final decision of the Commissioner. Rieg now seeks judicial review of the Commissioner's decision.

## **STANDARDS**

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995), *cert. denied*, 517 US 1122 (1996). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F2d 841, 849 (9th Cir 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 USC § 405(g); *see also Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F2d 771, 772 (9th Cir 1986). The Commissioner's decision must

be upheld, however, if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F3d at 1039-40.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 CFR §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in *Tackett v. Apfel*, 180 F3d 1094, 1098-99 (9th Cir 1999):

Step One. The Commissioner determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 CFR §§ 404.1520(b), 416.920(b).

Step Two. The Commissioner determines whether claimant has one or more severe impairments. If not, claimant is not disabled. If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under step three. 20 CFR §§ 404.1520(c), 416.920(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration (SSA) regulations, 20 CFR Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of claimant's case proceeds under step four. 20 CFR §§ 404.1520(d), 416.920(d).

Step Four. The Commissioner determines whether claimant is able to perform work he or she has done in the past. If so, claimant is not disabled. If claimant demonstrates he or she cannot

3 - FINDINGS AND RECOMMENDATION

do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under step five. 20 CFR §§ 404.1520(e), 416.920(e).

Step Five. The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the Commissioner does not meet this burden, claimant is disabled. 20 CFR §§ 404.1520(f)(1), 416.920(f)(1).

At steps one through four, the burden of proof is on the claimant. *Tackett*, 180 F.3d at 1098. At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Id.*

## ALJ's DECISION

At step one, the ALJ found Rieg had not engaged in substantial gainful activity between the alleged onset of his disability on December 23, 1999, and June 1, 2002, when he returned to work.

At step two, the ALJ found Rieg had the medically determinable severe impairments of orthopedic damage and organic mental impairments.

At step three, the ALJ found that Rieg's impairments did not meet or medically equal the criteria of any listed impairments.

At step four, the ALJ found that Rieg was not fully credible and retained the residual functional capacity to perform a limited range of light exertion work, with the ability frequently to

lift ten pounds, to stand or walk a total of two hours in an eight hour day, to sit six hours in an eight hour day, with a sit/stand option to periodically alternate positions. The ALJ found that Rieg is unable to climb ladders, ropes or scaffolds, can occasionally climb ramps and stairs, occasionally may kneel, crouch, or crawl, and must avoid exposure to hazards or significant vibration. He is limited to simple one or two step tasks, and infrequent public contact. The ALJ found that Rieg was unable to return to his past relevant work, but retained the residual functional capacity to perform other work, and that he is therefore not disabled within the meaning of the Act.

## **DISCUSSION**

Rieg was 27 years old on December 23, 1999. He graduated from high school, and worked as a doorman, salesperson, mechanic, construction worker, and heavy equipment operator. He was involved in a head-on motor vehicle accident on December 23, 1999, resulting in multiple fractures and a closed head injury. The medical records adequately set forth Rieg's medical history as it relates to his claim. The court has carefully reviewed the records, and the parties are familiar with them. Accordingly, the details will not be recounted here.

Rieg contends that the ALJ erred by: (1) failing to consider his impairments in combination and failing to compare his impairments to a listed impairment; (2) improperly rejecting the opinions of treating and examining physicians; (3) improperly rejecting lay witness testimony, and (4) posing an inadequate hypothetical question to the vocational expert. Because the second issue is dispositive, the court need not address Rieg's third and fourth assertions of error.

I. Combination of Impairments and Equivalence to a Listed Impairment

Rieg contends that the ALJ failed to consider the combined effects of all of his severe impairments. However, "[a]n ALJ is not required to discuss the combined effects of a claimant's

5 - FINDINGS AND RECOMMENDATION

impairments or compare them to any listing in an equivalency determinations, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir 2005). Rieg does not point to any evidence that he attempted to establish equivalence in the hearing. The ALJ's failure to compare Rieg's impairments to a listing was not error.

II. Treating and Examining Physicians

Alex Herzberg, M.D., an orthopedic surgeon, was Rieg's treating physician from the December 1999 accident through at least October 2001. On April 24, 2001, Dr. Herzberg saw Rieg in order to remove a pain catheter, and wrote that Rieg "is not able to return to work yet." Tr. 328. Dr. Herzberg noted that upon Rieg's return to his office "if he brings with him forms that are clear that he has been effectively disabled by his injuries for over a year, despite his efforts to return to work then they will be filled out appropriately." Tr. 329. On August 2, 2001, Dr. Herzberg noted that he had given Rieg "a work release to begin work without restriction effective today." Tr. 283.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Holohan v. Massanari*, 246 F3d 1195, 1202 (9th Cir 2001); 20 CFR § 404.1527(d)(2). In general, the opinion of specialists concerning matters relating to their specialty are entitled to more weight than the opinions of nonspecialists. *Id.;* § 404.1527(d)(5). An ALJ may reject the uncontradicted medical opinion of a treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Id.* at 1202, citing *Reddick v. Chater*, 157 F3d 715, 725 (9th Cir 1998). If the treating physician's medical opinion is inconsistent with other substantial evidence in the record, treating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 CFR 404.1527. *Id.*

citing SSR 96-2p. An ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if she provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*

The ALJ did not mention Dr. Herzberg's opinion. The court cannot conclude that the ALJ had "clear and convincing" or "specific and legitimate" reasons for rejecting the opinion when there is no evidence that the ALJ considered it.

Rieg argues that the ALJ erred by improperly rejecting the opinion of Rory F. Richardson, Ph.D. Dr. Richardson, a neuropsychologist, examined Rieg on August 31, 2001. Tr. 259. Dr. Richardson diagnosed dementia due to head trauma; personality change due to head trauma with aggressive traits; rule-out premorbid attention-deficit disorder and mood disorder; and major depressive disorder, moderate to severe. Tr. 262. Dr. Richardson stated that Rieg had "substantial impairment in memory with significant decreases in both visual and auditory memory. In addition, retrieval of information, maintenance of Working Memory, attention span and being able to control his level of frustration were all impaired." *Id.* Dr. Richardson opined:

"[i]t would appear that at this point in time, the mood disturbance is severe enough to interfere with work tasks and function. These combined with the impaired memory and cognitive difficulties, it would be questionable whether he would be able to maintain any type of gainful employment for any length of time." *Ibid.*

The ALJ noted Dr. Richardson's evaluation, and stated:

> He noted both cognitive and personality changes resulting from severe head trauma compounded by depression and sleep disturbance. However, the level of cognitive loss that has affected the claimant is not at a level that ordinarily would be expected to impose disabling functional limitations. The claimant's full scale IQ score was measured at 80, a rating which signifies "borderline intellectual functioning."

However he closely approaches the threshold of low average intellectual functioning, which is signified by an IQ of 84 or higher.

Tr. 21.

The ALJ does not offer any reason for rejecting Dr. Richardson's uncontradicted opinion that Rieg's dementia and mood disorder were sufficiently severe "to interfere with work tasks and function," regardless of cognitive function. Tr. 262. The ALJ's assertion that Rieg's cognitive function was not sufficiently limiting to impose disabling functional limitations is not a specific or legitimate reason to reject Dr. Richardson's opinion as to other aspects of Rieg's mental limitations.

II. Remand For Payment of Benefits is Appropriate

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000); *Benecke v. Barnhart*, No. 03-15155, 2004 WL 1770096 (9th Cir. Aug. 9, 2004). The court's decision turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*

8 - FINDINGS AND RECOMMENDATION

The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.2.

The ALJ improperly rejected the testimony of Drs. Herzberg and Richardson as to Rieg's mental and physical limitations. The VE testified that a person with the described limitations would be unable to sustain employment. Tr. 534. If credited, the doctors' testimony, coupled with the testimony of the VE, establishes that Rieg could not work on a regular and sustained full-time basis from December 23, 1999, through August 31, 2001, and therefore, he was disabled. The court therefore concludes that this matter should not be remanded for further proceedings. *See Schneider v. Comm'r,* 223 F.3d 968 (9th Cir. 2000). *See also Reddick v. Chater,* 157 F.3d 715, 729 (9th Cir. 1998) ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.")

## RECOMMENDATION

For the foregoing reasons, the Commissioner's decision should be reversed and remanded pursuant to sentence four of 42 USC § 405(g) for the calculation and award of disability benefits from December 23, 1999, through August 31, 2001.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** ***The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.*** **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de**

9 - FINDINGS AND RECOMMENDATION

novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated this 17 day of October, 2005.

JOHN P. COONEY
United States Magistrate Judge